(October 21, 1974)

■ EDITH FERRARA, Respondent, v. HARVEY R. LEVENTHAL, Appellant, et al., Defendants. (Action No. 1). EDITH FERRARA, Respondent, v. COUNTY OF NASSAU, Defendant and Third-Party Plaintiff; HARVEY R. LEVENTHAL, Third-Party Defendant-Appellant, et al., Third-Party Defendants. (Action No 2.) — Appeal by Harvey R. Leventhal, a defendant in Action No. 1 and a third-party defendant in Action No. 2 (both are medical malpractice actions) from three orders of the Supreme Court, Kings County, two dated March 15, 1974 and March 21, 1974, respectively, *inter alia* denying a motion to consolidate the actions and, instead, directing a joint trial thereof, and the third, dated July 9, 1974, *inter alia* granting plaintiff's motion for a special trial preference. Orders dated March 15, 1974 and March 21, 1974, modified by adding thereto the following: " The Trial Justice also may consider a renewal of the motion for consolidation of the actions rather than a joint trial thereof, if he should determine in the light of the evidence proffered or adduced at the trial that consolidation would be more protective of the rights of all parties." As so modified, said two orders affirmed, without costs (see *Ferrara* v. *Leventhal,* 46 A D 2d 656). Order dated July 9, 1974, affirmed, without costs, and the Trial Term Calendar Clerk of the Supreme Court, Kings County, is directed to place these actions at the head of the Ready Day Trial Term Calendar for December 2, 1974. It is implicit in the orders of March 15, 1974 and March 21, 1974 that Special Term anticipated that the questions it raised concerning the viability of the third-party complaints in these actions, the cross claims, and the tenability of the defendant County of Nassau's affirmative defense might be deferred for rulings by the Trial Justice. Plaintiff-respondent states in her brief that she is willing to have all those matters determined in either a consolidated action or a joint trial. Further, possibly in the light of the evidence which may be adduced at the trial, or by future stipulation of all the parties, consolidation of these actions rather than a joint trial would be the appropriate vehicle for the narrowing and determination of all the issues (see *Pigott* v. *Field,* 10 A D 2d 99, 101, concerning the different consequences of a joint trial of two actions and a consolidation thereof). Therefore, we are permitting a renewal of the motion for consolidation to be made before the Justice to whom the case is assigned for trial. Since the trial date set by the order of July 9, 1974 has passed, we are directing that these cases be placed at the head of the Trial Term Calendar for December 2, 1974, in order to implement for plaintiff's benefit the special trial preference to which we believe she is entitled. Hopkins, Acting P. J., Martuscello, Latham, Benjamin and Munder, JJ., concur.

■ JOHN S. PARNON CONSTRUCTION CORP., Respondent, v. MILTON GELLER et al., Appellants.— Order of the Supreme Court, Nassau County, dated August 14, 1974, affirmed insofar as appealed from, with $20 costs and disbursements. No opinion. The examinations shall proceed at the place directed in the order under review at a time to be specified in a written notice of not less than 10 days, to be given by plaintiff, or at such other time and place as may be agreed by the parties. Hopkins, Acting P. J., Martuscello, Latham, Benjamin and Munder, JJ., concur.